October 29, 1993
[NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 93-1569

EMERSON PIMENTEL,

Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Breyer, Chief Judge,

Torruella and Selya,
Circuit Judges.

Peter A. Allen on Motion to Hold Case in Abeyance.

Stuart E. Schiffer, Acting Assistant Attorney General,

Robert Kendall, Assistant Director, and Charles E. Pazar,

Attorney, Office of Immigration Litigation, on Motion to
Dissolve Automatic Stay of Deportation.

Per Curiam. Petitioner seeks review of the May 6,

1993 order of the Board of Immigration Appeals (BIA) denying

petitioner's motion to reopen deportation proceedings so that

petitioner might apply for discretionary relief from

deportation. We summarily affirm the May 6, 1993 order,

grant the INS's motion to dissolve the automatic stay of

deportation, and deny petitioner's motion to hold appellate

proceedings in abeyance.

I

Petitioner was ordered deported after he failed to

appear at a deportation hearing or present any defense.

Petitioner promptly appealed to the BIA and moved to reopen

the deportation proceedings so that petitioner might apply

for discretionary relief from deportation. Petitioner's

motion to reopen, filed by his first counsel, indicated that

petitioner had not received notice of the deportation hearing

because INS correspondence had been sent to an address at

which petitioner "was not residing at the time of delivery."

The BIA dismissed the appeal and denied reopening. In

so doing, it pointed out that petitioner's motion to reopen

had not been accompanied by affidavits and evidentiary

material as required by 8 C.F.R. 3.8(a) and that the

address petitioner had stated in his notice of appeal was the

very address to which INS correspondence had been sent.

-2-

Petitioner, represented by new counsel, promptly moved

to reopen once again, this time filing affidavits. He

claimed he had never told his first counsel that he did not

live at the address to which INS correspondence had been

sent; he simply had not received any notice of the

deportation hearing. Petitioner's mother stated by affidavit

that she had the only key to the residence's mailbox and she,

too, had not received notice of the deportation hearing.

Petitioner argued he should not be penalized for his first

counsel's failings.

Concluding that petitioner had not complied with the

requirements set forth in Matter of Lozada, 19 I & N Dec. 637

(BIA 1988), for seeking reopening based on a claim of

ineffective assistance of counsel, the BIA denied

petitioner's motion to reopen. Petitioner now seeks judicial

review of that decision.

II

In Matter of Lozada, 19 I & N Dec. 637 (BIA 1988), where

an appeal from a deportation order had been summarily

dismissed because no brief had been filed, the BIA announced

a "high standard" for motions seeking reopening based on

claims of ineffective assistance of counsel:

A motion based upon a claim of ineffective
assistance of counsel should be supported by an
affidavit of the allegedly aggrieved respondent
attesting to the relevant facts. In the case
before us, that affidavit should include a
statement that sets forth in detail the agreement

-3-

that was entered into with former counsel with
respect to the actions to be taken on appeal and
what counsel did or did not represent to the
respondent in this regard. Furthermore, before
allegations of ineffective assistance of former
counsel are presented to the Board, former counsel
must be informed of the allegations and allowed the
opportunity to respond. Any subsequent response
from counsel, or report of counsel's failure or
refusal to respond, should be submitted with the
motion. Finally, if it is asserted that prior
counsel's handling of the case involved a violation
of ethical or legal responsibilities, the motion
should reflect whether a complaint has been filed
with appropriate disciplinary authorities regarding
such representation, and if not, why not.

The high standard announced here is necessary
if we are to have a basis for assessing the
substantial number of claims of ineffective
assistance of counsel that come before the Board.
Where essential information is lacking, it is
impossible to evaluate the substance of such claim.
In the instant case, for example, the respondent
has not alleged, let alone established, that former
counsel ever agreed to prepare a brief on appeal .
. .. The requirement that disciplinary authorities
be notified of breaches of professional conduct not
only serves to deter meritless claims of
ineffective representation but also highlights the
standards which should be expected of attorneys who
represent persons in immigration proceedings . . ..

The BIA concluded petitioner had not complied with

Lozada as petitioner had not detailed his agreement with his

first counsel, had not shown whether he had notified first

counsel of his charges, and had failed to state whether he

had filed a disciplinary complaint.

The BIA did not abuse its discretion in denying

petitioner's motion to reopen. First, petitioner's affidavit

was very sketchy in describing his arrangement with first

counsel. Petitioner stated that within a week of receiving

-4-

an order to show cause why he should not be deported, he had

contacted counsel, whom, petitioner claimed "had already been

paid for this case"; counsel had said not to worry; and

petitioner "was under the impression" that counsel would

enter an appearance. After receiving a copy of the decision

ordering deportation, petitioner had again contacted counsel.

Counsel had again told petitioner not to worry and that "he

would get me my United States citizenship." One of counsel's

employees then helped petitioner file a notice of appeal, and

petitioner paid the employee $620.

The BIA could reasonably conclude that petitioner had

not sufficiently detailed his agreement with counsel.

Petitioner asserted that counsel had been paid for "this

case," yet petitioner was only "under the impression" that

counsel would file an appearance. Petitioner failed to

detail what counsel actually agreed to do with respect to the

deportation proceedings.

Second, petitioner failed timely to show that he had

notified first counsel of his allegations against him. In a

supplement to his motion to reopen, petitioner claimed to

have notified counsel by letter and purported to attach a

copy of the letter, but failed to do so. Even though the

BIA's May 6, 1993 order put petitioner on notice of the

letter's omission, petitioner apparently did not submit a

copy until over three months later with the filing of his

-5-

third motion to reopen. Such piecemeal presentation, with

its potential for an unwarrantable delay of deportation, is

what Lozada's "high standard" is aimed at preventing.

Third, petitioner refused to state whether he had filed

disciplinary proceedings against his counsel. He claimed

that "Supreme Court Rule No. 4221, regarding the

confidentiality of Disciplinary Complaints" barred him from

saying whether a complaint had been filed. Petitioner did

not attach a copy of the rule from which the BIA could make a

determination whether petitioner's interpretation was

warranted.1

In view of the motion's deficiencies, the BIA acted

within its discretion in denying reopening.

III

Petitioner asks that we hold appellate proceedings in

abeyance until the BIA acts on a third motion for reopening

petitioner filed through a third counsel in August 1993.

Because of 1105a's automatic stay, holding appellate

proceedings in abeyance would be tantamount to staying

deportation pending determination of petitioner's third

motion to reopen. After reviewing the motion and the relevant

1. Petitioner has apparently abandoned his interpretation of
the Rhode Island rule, for in his third motion to reopen, he
indicates he filed a complaint against first counsel in late
July, almost two months after the BIA denied the second
motion to reopen. The disciplinary complaint is very
sketchy.

-6-

considerations, see Berroteran-Melendez v. I.N.S., 955 F.2d

1251, 1255 (9th Cir. 1992), we decline to stay judicial

proceedings. We note that petitioner has requested a stay

of deportation from the BIA, and we think the BIA is in the

best position to assess whether such relief is warranted.

The May 6, 1993 order denying reopening is affirmed and

the I.N.S.'s motion to lift the automatic stay is granted.

-7-